**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MORRIS ROUTING TECHNOLOGIES, LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>　　　　　Defendant. | Civil Action No. 4:24-cv-00625-SDJ<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT T-MOBILE USA, INC.'S FIRST AMENDED**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant T-Mobile USA, Inc. ("T-Mobile USA"), by and through its undersigned counsel, hereby answers the First Amended Complaint for Patent Infringement of United States Patent Nos. 10,212,076, 10,374,938, 10,397,100, 10,404,583, 10,587,505, 10,708,168, 10,785,143, 10,904,144, 11,012,344, and 12,058,042 (hereinafter "Complaint") (Dkt. No. 14) filed by Plaintiff Morris Routing Technologies LLC ("MRT") on October 4, 2024.

**<u>GENERAL DENIAL</u>**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, T-Mobile USA specifically denies each and every allegation contained in MRT's Complaint.  All allegations in MRT's Complaint, including those in the headings, that T-Mobile USA does not expressly admit in this Answer are specifically denied.

## NATURE OF THE ACTION[1]

1.     T-Mobile USA admits that the Complaint purports to be a patent infringement action arising out of the alleged infringement of United States Patent Nos. 10,212,076 ("the '076 Patent"), 10,374,938 ("the '938 Patent"), 10,397,100 ("the '100 Patent"), 10,404,583 ("the '583 Patent"), 10,587,505 ("the '505 Patent"), 10,708,168 ("the '168 Patent"), 10,785,143 ("the '143 Patent"), 10,904,144 ("the '144 Patent"), 11,012,344 ("the '344 Patent"), and 12,058,042 ("the '042 Patent") (collectively, "the Patents-in-Suit" and/or "Asserted Patents") and under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. T-Mobile USA specifically denies that there are any legal or factual bases for MRT's claims. T-Mobile USA specifically denies that MRT is entitled to any relief for MRT's allegations of patent infringement whether by award of damages, injunction, or otherwise.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## THE PARTIES

2.     T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, T-Mobile USA denies the allegations set forth in Paragraph 2 of the Complaint.

3.     T-Mobile USA admits that T-Mobile USA is a corporation organized under the laws of the State of Delaware and is registered to business in the State of Texas. T-Mobile USA admits that it may be served with process through its registered agent Corporation Service

---

[1] T-Mobile USA's reproduction of the headings set forth in the Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by T-Mobile USA that any allegation or other statement in the headings or paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted, by T-Mobile USA.

Company.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      T-Mobile USA specifically denies that T-Mobile USA has committed any act of infringement anywhere in the United States, including this Judicial District.  T-Mobile USA admits that T-Mobile USA sells and offers to sell products and services throughout the United States, including in this Judicial District.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      T-Mobile USA admits that the Complaint purports to be a patent infringement action arising out of the alleged infringement of the Asserted Patents and under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  T-Mobile USA specifically denies that there are any legal or factual bases for MRT's claims.  T-Mobile USA specifically denies that MRT is entitled to any relief for MRT's allegations of patent infringement whether by award of damages, injunction, or otherwise.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      T-Mobile USA admits that the Complaint purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a).

7.      Paragraph 7 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA responds as follows: T-Mobile USA, solely for the purposes of this litigation, does not contest venue in this Judicial District but denies that this Judicial District is the most convenient venue for litigation of the claims in MRT's Complaint.  T-Mobile USA reserves the right to assert that a change of venue under 28

U.S.C. § 1404 is appropriate.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.     Paragraph 8 of MRT's Complaint contains legal conclusions to which no response is required.   To the extent a response is required, T-Mobile USA responds as follows: T-Mobile, solely for the purposes of this litigation, does not contest that T-Mobile USA is subject to this Court's jurisdiction.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.     Paragraph 9 of MRT's Complaint contains legal conclusions to which no response is required.   To the extent a response is required, T-Mobile USA responds as follows: T-Mobile USA specifically denies that T-Mobile USA has committed any act of infringement anywhere in the United States, including this Judicial District.   T-Mobile USA admits that T-Mobile USA conducts business in the State of Texas, including this Judicial District. T-Mobile USA, solely for the purposes of this litigation, does not contest that T-Mobile USA is subject to this Court's jurisdiction.   T-Mobile USA, solely for the purposes of this litigation, does not contest venue in this Judicial District but denies that this Judicial District is the most convenient venue for litigation of the claims in MRT's Complaint.   T-Mobile USA reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate.    Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.    T-Mobile USA admits that the Complaint purports to reference a T-Mobile USA website, and that website speaks for itself.   To the extent that the Complaint mischaracterizes the T-Mobile USA website, T-Mobile USA denies the same.   T-Mobile USA admits that it operates one or more retail stores in the Eastern District of Texas.   Except as expressly

admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.    Paragraph 11 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA responds as follows: T-Mobile USA specifically denies that T-Mobile USA has committed any act of infringement anywhere in the United States, including this Judicial District.  T-Mobile USA admits that the Complaint purports to reference a T-Mobile USA website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the T-Mobile USA website, T-Mobile USA denies the same.  T-Mobile USA admits that T-Mobile USA operates one or more retail stores in this Judicial District.    Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.    T-Mobile USA specifically denies that T-Mobile USA has committed any act of infringement anywhere in the United States, including this Judicial District.  T-Mobile USA admits that the Complaint purports to reference a T-Mobile USA website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the T-Mobile USA website, T-Mobile USA denies the same.    Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.    T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.  T-Mobile USA admits that T-Mobile USA has at least one corporate office in Frisco, TX. To the extent Paragraph 13 of MRT's Complaint contains a legal conclusion, no response is required.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.   T-Mobile USA admits that it has employees who work in Texas, including in this Judicial District.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.   T-Mobile USA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  T-Mobile USA admits that it has conducted business in this Judicial District.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16.   T-Mobile USA admits that it has not contested that venue is proper in this Judicial District in certain actions filed in this Judicial District.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17.   T-Mobile USA specifically denies that T-Mobile USA has committed any act of infringement anywhere in the United States, including this Judicial District.  T-Mobile USA admits that the Complaint purports to reference multiple websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  T-Mobile USA, solely for the purposes of this litigation, does not contest that T-Mobile USA is subject to this Court's jurisdiction.  T-Mobile USA admits that T-Mobile USA conducts business in the State of Texas, including this Judicial District.    Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.   T-Mobile USA denies the allegations set forth in Paragraph 18 of the Complaint.

## BACKGROUND

### The [Alleged] Inventions of the Patents-in-Suit

19.   T-Mobile USA admits that, on their faces, the Patents-in-Suit list Mr. Robert Paul Morris ("Mr. Morris") as the inventor.  T-Mobile USA admits that what purports to be copies of the Patents-in-Suit are attached to the Complaint as Exhibits A-J.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 20 of the Complaint.

21.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 21 of the Complaint.

22.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 22 of the Complaint.

23.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 23 of the Complaint.

24.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 24 of the Complaint.

25.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 25 of the Complaint.

26.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 26 of the Complaint.

27.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 27 of the Complaint.

28.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 28 of the Complaint.

### [Alleged] Advantage Over the Prior Art

29.    T-Mobile USA denies the allegations set forth in Paragraph 29 of the Complaint.

30.    T-Mobile USA denies the allegations set forth in Paragraph 30 of the Complaint.

31.    T-Mobile USA denies the allegations set forth in Paragraph 31 of the Complaint.

32.    T-Mobile USA denies the allegations set forth in Paragraph 32 of the Complaint.

33.    T-Mobile USA admits that the Complaint purports to reference multiple websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  T-Mobile admits that its wireless and fixed-wireless networks support network slicing.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 33 of the Complaint.

**[Alleged] Technological Innovation**

34.   T-Mobile USA denies the allegations set forth in Paragraph 34 of the Complaint.

35.   Paragraph 35 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA denies the allegations set forth in Paragraph 35 of the Complaint.

36.   Paragraph 36 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA denies the allegations set forth in Paragraph 36 of the Complaint.

37.   Paragraph 37 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA denies the allegations set forth in Paragraph 37 of the Complaint.

38.   Paragraph 38 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA denies the allegations set forth in Paragraph 38 of the Complaint.

39.   Paragraph 39 of MRT's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, T-Mobile USA denies the allegations set forth in Paragraph 39 of the Complaint.

**Internet Engineering Task Force (IETF) and Standard Setting Organizations**

40.   T-Mobile USA admits that the Complaint purports to reference the IETF's website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.  T-Mobile USA admits that the Internet Engineering Task Force ("IETF") is a standard setting organization.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 40 of the Complaint.

41.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and, therefore, denies the allegations set forth in Paragraph 41 of the Complaint.

42.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 42 of the Complaint.

43.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.  T-Mobile USA denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 44 of the Complaint.

45.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 45 of the Complaint.

46.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 46 of the Complaint.

47.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same. T-Mobile USA denies the remaining allegations set forth in Paragraph 48 of the Complaint.

49.   T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint, and therefore, except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 49 of the Complaint.

50.   T-Mobile USA admits that the Complaint purports to reference the 3rd Generation Partnership Project's ("3GPP") website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes 3GPP's website, T-Mobile USA denies the same.  T-Mobile USA admits that 3GPP is a standard setting organization.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 50 of the Complaint.

51.   T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.    Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 51 of the Complaint.

52.   T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 52 of the Complaint.

53.   T-Mobile USA admits that the Complaint purports to reference websites and other documents, and those websites and other documents speak for themselves. To the extent that the Complaint mischaracterizes these websites and documents, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.   Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 55 of the Complaint.

56.   T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent the Complaint mischaracterizes the website, T-Mobile

USA denies the same. Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 57 of the Complaint.

58.   T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent the Complaint mischaracterizes those websites, T-Mobile USA denies the same. Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 58 of the Complaint.

59.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent the Complaint mischaracterizes the website, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 59 of the Complaint.

60.   T-Mobile cannot comment on allegations directed to any other company. T-Mobile lacks information about Verizon and/or AT&T and therefore is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 directed to Verizon and AT&T and therefore denies them.  T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 60 of the Complaint.

61.   T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent the Complaint mischaracterizes the website, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 61 of the Complaint.

**T-Mobile's Networks and Accused Instrumentalities**

62.    T-Mobile USA admits that the Complaint purports to reference websites, and those websites speak for themselves.  To the extent that the Complaint mischaracterizes the websites, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 62.

63.    T-Mobile USA admits that the Complaint purports to reference a website, and that website speaks for itself.  To the extent that the Complaint mischaracterizes the website, T-Mobile USA denies the same.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 63.

64.    T-Mobile USA denies the allegations set forth in Paragraph 64 of the Complaint.

65.    T-Mobile USA denies the allegations set forth in Paragraph 65 of the Complaint.

66.    T-Mobile USA denies the allegations set forth in Paragraph 66 of the Complaint.

67.    T-Mobile USA denies the allegations set forth in Paragraph 67 of the Complaint.

**COUNT I – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,212,076**

68.    T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-67.

69.    T-Mobile USA admits that, on its face, the '076 Patent purports to have been issued on February 19, 2019, and is titled "Routing Methods, Systems, and Computer Program Products for Mapping a Node-Scope Specific Identifier."  T-Mobile USA denies that the '076 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 69 of the Complaint.

70.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 70 of the Complaint.

71.    T-Mobile USA admits that what purports to be a copy of the '076 Patent was attached to the Complaint as Exhibit A.  T-Mobile USA specifically denies that the '076 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 71 of the Complaint.

72.    T-Mobile USA denies the allegations set forth in Paragraph 72 of the Complaint.

73.    T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '076 Patent was attached to the Complaint as Exhibit K.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 73 of the Complaint.

74.    T-Mobile USA denies the allegations set forth in Paragraph 74 of the Complaint.

75.    T-Mobile USA denies the allegations set forth in Paragraph 75 of the Complaint.

**COUNT II – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,374,938**

76.    T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-75.

77.    T-Mobile USA admits that, on its face, the '938 Patent purports to have been issued on August 6, 2019, and is titled "Routing Methods, Systems, and Computer Program Products."  T-Mobile USA denies that the '938 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 77 of the Complaint.

78.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 78 of the Complaint.

79.   T-Mobile USA admits that what purports to be a copy of the '938 Patent was attached to the Complaint as Exhibit B.  T-Mobile USA specifically denies that the '938 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 79 of the Complaint.

80.   T-Mobile USA denies the allegations set forth in Paragraph 80 of the Complaint.

81.   T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 15 of the '938 Patent was attached to the Complaint as Exhibit L.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 81 of the Complaint.

82.   T-Mobile USA denies the allegations set forth in Paragraph 82 of the Complaint.

83.   T-Mobile USA denies the allegations set forth in Paragraph 83 of the Complaint.

**COUNT III – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,397,100**

84.   T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-83.

85.   T-Mobile USA admits that, on its face, the '100 Patent purports to have been issued on August 27, 2019, and is titled "Routing Methods, Systems, and Computer Program Products Using a Region Scoped Outside-Scope Identifier."  T-Mobile USA denies that the '100 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 85 of the Complaint.

86.    T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 86 of the Complaint.

87.    T-Mobile USA admits that what purports to be a copy of the '100 Patent was attached to the Complaint as Exhibit C.  T-Mobile USA specifically denies that the '100 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 87 of the Complaint.

88.    T-Mobile USA denies the allegations set forth in Paragraph 88 of the Complaint.

89.    T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '100 Patent was attached to the Complaint as Exhibit M.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 89 of the Complaint.

90.    T-Mobile USA denies the allegations set forth in Paragraph 90 of the Complaint.

91.    T-Mobile USA denies the allegations set forth in Paragraph 91 of the Complaint.

**COUNT IV – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,404,583**

92.    T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-91.

93.    T-Mobile USA admits that, on its face, the '583 Patent purports to have been issued on September 3, 2019, and is titled "Routing Methods, Systems, and Computer Program Products Using Multiple Outside-Scope Identifiers."  T-Mobile USA denies that the '583 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 93 of the Complaint.

94.   T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 94 of the Complaint.

95.   T-Mobile USA admits that what purports to be a copy of the '583 Patent was attached to the Complaint as Exhibit D.  T-Mobile USA specifically denies that the '583 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 95 of the Complaint.

96.   T-Mobile USA denies the allegations set forth in Paragraph 96 of the Complaint.

97.   T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '583 Patent was attached to the Complaint as Exhibit N.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 97 of the Complaint.

98.   T-Mobile USA denies the allegations set forth in Paragraph 98 of the Complaint.

99.   T-Mobile USA denies the allegations set forth in Paragraph 99 of the Complaint.

**COUNT V – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,587,505**

100.  T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-99.

101.  T-Mobile USA admits that, on its face, the '505 Patent purports to have been issued on March 10, 2020, and is titled "Routing Methods, Systems, and Computer Program Products."  T-Mobile USA denies that the '505 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 101 of the Complaint.

102.  T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 102 of the Complaint.

103.  T-Mobile USA admits that what purports to be a copy of the '505 Patent was attached to the Complaint as Exhibit E.  T-Mobile USA specifically denies that the '505 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 103 of the Complaint.

104.  T-Mobile USA denies the allegations set forth in Paragraph 104 of the Complaint.

105.  T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '505 Patent was attached to the Complaint as Exhibit O.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 105 of the Complaint.

106.  T-Mobile USA denies the allegations set forth in Paragraph 106 of the Complaint.

107.  T-Mobile USA denies the allegations set forth in Paragraph 107 of the Complaint.

**COUNT VI – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,708,168**

108.  T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-107.

109.  T-Mobile USA admits that, on its face, the '168 Patent purports to have been issued on July 7, 2020, and is titled "Routing Methods, Systems, and Computer Program Products."  T-Mobile USA denies that the '168 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 109 of the Complaint.

110.  T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 110 of the Complaint.

111.  T-Mobile USA admits that what purports to be a copy of the '168 Patent was attached to the Complaint as Complaint as Exhibit F.  T-Mobile USA specifically denies that the '168 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 111 of the Complaint.

112.  T-Mobile USA denies the allegations set forth in Paragraph 112 of the Complaint.

113.  T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '168 Patent was attached to the Complaint as Exhibit P.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 113 of the Complaint.

114.  T-Mobile USA denies the allegations set forth in Paragraph 114 of the Complaint.

115.  T-Mobile USA denies the allegations set forth in Paragraph 115 of the Complaint.

**COUNT VII – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,785,143**

116.  T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-115.

117.  T-Mobile USA admits that, on its face, the '143 Patent purports to have been issued on September 22, 2020, and is titled "Routing Methods, Systems, and Computer Program Products."  T-Mobile USA denies that the '143 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 117 of the Complaint.

118. T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 118 of the Complaint.

119. T-Mobile USA admits that what purports to be a copy of the '143 Patent was attached to the Complaint as Complaint as Exhibit G.  T-Mobile USA specifically denies that the '143 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 119 of the Complaint.

120. T-Mobile USA denies the allegations set forth in Paragraph 120 of the Complaint.

121. T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 6 of the '143 Patent was attached to the Complaint as Exhibit Q.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 121 of the Complaint.

122. T-Mobile USA denies the allegations set forth in Paragraph 122 of the Complaint.

123. T-Mobile USA denies the allegations set forth in Paragraph 123 of the Complaint.

**COUNT VIII – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 10,904,144**

124. T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-123.

125. T-Mobile USA denies that the '144 Patent purports to have been issued on January 1, 2021.  T-Mobile USA admits that, on its face, the '144 Patent purports to have been issued on January 26, 2021, and is titled "Methods, Systems, and Computer Program Products for Associating a Name with a Network Path."  T-Mobile USA denies that the '144 Patent was duly and legally issued by the USPTO.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 125 of the Complaint.

126.  T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 126 of the Complaint.

127.  T-Mobile USA admits that what purports to be a copy of the '144 Patent was attached to the Complaint as Complaint as Exhibit H.  T-Mobile USA specifically denies that the '144 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 127 of the Complaint.

128.  T-Mobile USA denies the allegations set forth in Paragraph 128 of the Complaint.

129.  T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '144 Patent was attached to the Complaint as Exhibit R.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 129 of the Complaint.

130.  T-Mobile USA denies the allegations set forth in Paragraph 130 of the Complaint.

131.  T-Mobile USA denies the allegations set forth in Paragraph 131 of the Complaint.

## COUNT IX – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 11,012,344

132.  T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-131.

133.  T-Mobile USA admits that, on its face, the '344 Patent purports to have been issued on May 18, 2021, and is titled "Routing Methods, Systems, and Computer Program Products." T-Mobile USA denies that the '344 Patent was duly and legally issued by the USPTO. Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 133 of the Complaint.

134.  T-Mobile USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint, and therefore, T-Mobile USA denies the allegations set forth in Paragraph 134 of the Complaint.

135.  T-Mobile USA admits that what purports to be a copy of the '344 Patent was attached to the Complaint as Complaint as Exhibit I.  T-Mobile USA specifically denies that the '344 Patent is valid and enforceable.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 135 of the Complaint.

136.  T-Mobile USA denies the allegations set forth in Paragraph 136 of the Complaint.

137.  T-Mobile USA admits that what purports to be MRT's Preliminary and Exemplary Infringement Analysis of Claim 1 of the '344 Patent was attached to the Complaint as Exhibit S.  Except as expressly admitted, T-Mobile USA denies the remaining allegations set forth in Paragraph 137 of the Complaint.

138.  T-Mobile USA denies the allegations set forth in Paragraph 138 of the Complaint.

139.  T-Mobile USA denies the allegations set forth in Paragraph 139 of the Complaint.

## COUNT X – [ALLEGED] INFRINGEMENT OF US. PATENT NO. 12,058,042

T-Mobile USA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-139 of the Complaint.

## [MRT'S] JURY DEMAND

The section of the Complaint titled "Jury Demand" sets forth MRT's demand for a jury trial, and therefore, no response is required.

## [MRT'S] PRAYER FOR RELIEF

T-Mobile USA denies the underlying allegations of MRT's Prayer for Relief against T-Mobile USA, denies that MRT is entitled to any relief whatsoever, and requests that the Court

deny all relief to MRT, enter judgment in favor of T-Mobile USA, and award T-Mobile USA attorneys' fees, costs, and expenses as the prevailing party in the action.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without admitting or acknowledging that T-Mobile USA bears the burden of proof as to any defenses, T-Mobile USA specifically alleges and asserts the following defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses, regardless of how such defenses are denominated below.  T-Mobile USA reserves all rights to raise additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

MRT's Complaint fails to state a claim against T-Mobile USA upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Invalidity)

Each and every claim of the Patents-in-Suit are invalid and unenforceable for failure to satisfy one or more requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, non-statutory obviousness-type double patenting and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
#### (Non-Infringement)

T-Mobile USA does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271, willfully or otherwise.  If the claims at issue are interpreted so broadly as to read on any accused

product, T-Mobile USA has not infringed any such claim under the Reverse Doctrine of Equivalents.  T-Mobile USA has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to MRT.

**FOURTH AFFIRMATIVE DEFENSE**
**(Not an Exceptional Case)**

MRT cannot prove that this is an exceptional case warranting attorneys' fees against T-Mobile USA under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitation of Patent Damages)**

MRT's claims for damages, if any, against T-Mobile USA for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**SIXTH AFFIRMATIVE DEFENSE**
**(Territoriality)**

To the extent MRT's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq.*, including but not limited to § 271(a).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel, Claim Vitiation, Recapture and Disclaimer)**

MRT's claims, including to the extent MRT alleges infringement by the Doctrine of Equivalents, are barred, in whole or in part, by the doctrine of prosecution history estoppel, claim vitiation, recapture and/or disclaimer based on statements, representations, and admissions made during prosecution of the relevant patent applications resulting in the Patents-in-Suit and/or during the prosecution of related patent applications.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

MRT's claims for relief are barred, in whole or in part, by reason of estoppel, unclean hands, acquiescence, patent misuse, waiver, inequitable conduct, and/or other equitable doctrines.

25

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

To the extent MRT does not have substantially all the rights or all the rights to the Patents-in-Suit; the purported assignments of the Patents-in-Suit, if any, are defective for any reason; or MRT has forfeited its rights to act as a legal entity MRT lacks standing to bring this action.

## TENTH AFFIRMATIVE DEFENSE
### (Claim Preclusion and/or Claim-Splitting)

MRT's claims and remedies for alleged infringement of the Patents-in-Suit, if any, are barred, in whole or in part, by claim preclusion, issue preclusion, merger and bar, the doctrine of claim splitting, the *Kessler* doctrine, and/or any other preclusion doctrines.

## ELEVENTH AFFIRMATIVE DEFENSE
### (License Express or Implied and/or Patent Exhaustion)

MRT's claims are barred, in whole or in part, by express or implied license and/or patent exhaustion.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

MRT is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to MRT would not be immediate or irreparable, MRT would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

T-Mobile USA has not engaged in any conduct that constitutes willful infringement that would otherwise entitle MRT to an award of enhanced damages under 35 U.S.C. § 284.

## RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

T-Mobile USA expressly reserves the right to later assert and pursue further defenses in this action permitted under the Federal Rules of Civil Procedure, the patent laws of the United

States, the Local Rules of this District, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, T-Mobile USA requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile USA respectfully prays that this Court enter judgment against MRT as follows:

(a)     A declaration that T-Mobile USA has not infringed the Asserted Patents, contributed to the infringement of any of the Asserted Patents, and/or induced others to infringe any of the Asserted Patents;

(b)     A judgment in favor of T-Mobile USA on all of its Defenses;

(c)     A judgment in favor of T-Mobile USA denying MRT any relief whatsoever, including injunctive relief, and dismissing its Complaint with prejudice;

(d)     A judgment against MRT finding that the claims of each of the Asserted Patents are invalid and/or unenforceable;

(e)     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding T-Mobile USA its fees and expenses of litigation, including, but not limited to, attorneys' fees, costs, and expenses;

(f)     A judgment dismissing MRT's Complaint against T-Mobile USA with prejudice; and

(g)     Such other relief as the Court shall deem just and proper.

Dated: November 1, 2024

Respectfully submitted,

*/s/ Katherine Q. Dominguez*

_____
Katherine Q. Dominguez (Lead Counsel)
New York Bar No. 4741237
Josh A. Krevitt
New York Bar No. 2568228
Brian A. Rosenthal
New York Bar No. 3961380
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-2490
Facsimile: (212) 351-6390
KDominguez@gibsondunn.com
JKrevitt@gibsondunn.com
BRosenthal@gibsondunn.com

Albert Suarez IV
Texas Bar No. 24113094
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3151
Facsimile: (214) 571-2986
ASuarez@gibsondunn.com

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Melissa@gillamsmithlaw.com

***Attorney for Defendant
T-Mobile USA, Inc.***

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2024, a true and correct copy of the above and foregoing document has been served on counsel of record *via* the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Katherine Q. Dominguez*
Katherine Q. Dominguez