IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MORRIS ROUTING TECHNOLOGIES, LLC, <br><br>               *Plaintiff,* <br><br>    v. <br><br>T-MOBILE USA, INC. <br><br>               *Defendants.* | Civil Action No. 4:24-cv-625-SDJ <br><br>JURY TRIAL DEMANDED |

**JOINT RULE 26(f) CONFERENCE REPORT**

The parties in the above-captioned case have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings ("Order") (Dkt. 13) and file this joint report.

The Rule 26(f) conference was held on October 21, 2024. Derek Dahlgren of Devlin Law Firm LLC participated on behalf of Morris Routing Technologies, LLC ("Plaintiff" or "MRT"). Kate Dominguez and Al Suarez of Gibson, Dunn & Crutcher participated on behalf of Defendant T-Mobile USA, Inc. ("Defendants" or "T-Mobile").

1. **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B**

The parties agree that the schedule in this case should be put in line with the concurrently filed matters against AT&T and Verizon. *See Morris Routing Technologies, LLC v. AT&T Inc., et al* No. 4-24-cv-00623 (EDTX); *Morris Routing Technologies, LLC v. Verizon Communications, Inc. et al*, 4-24-cv-00626 (EDTX). The answers in those matters were filed November 1, 2024. The parties expect that the schedules in those matters will be set well in advance of the November 20 scheduling conference in this matter. At that time, the parties intend to submit a proposed schedule aligned with the schedules set in those matters.

    a) **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties propose that written discovery (interrogatories, requests for production, requests for admission) specific to claim construction will not be necessary beyond what is required by the Local Patent Rules. The parties agree that one deposition, of up to 7 hours, will be permitted for each expert that provides a declaration on the issue of claim construction.

    b) **The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R. 4-3 has been filed.**

The parties do not anticipate the need for a Claim Construction Pre-hearing Conference, but are happy to appear if that is the Court's preference. To the extent that the parties' views on the need for a Claim Construction Pre-hearing Conference change, the parties will inform the Court and request dates accordingly.

2. **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

The parties believe that mediation and appointment of a mediator may be beneficial in the future but not at this time.

3. **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The Parties do not believe any modifications need to be made to the normal limitations on discovery as set out in the Order Governing Proceedings subject to the following clarifications: the 40-hour limit of deposition time per side shall apply to depositions of fact witnesses but shall not apply to expert depositions. Each side shall be able to depose an expert witness for 7 hours per report authored by the expert. For avoidance of doubt, an expert's report on infringement, validity, and damages shall be considered separate reports regardless of whether they are included in a single document. The definition of "Side" provided in the OGP shall refer

to Morris Routing Technologies, LLC on one "Side," and T-Mobile USA, Inc. on the other "Side."

To the extent this case is consolidated with other cases filed by MRT for pre-trial purposes, the parties will meet and confer in good faith to address the discovery limits that apply between MRT and T-Mobile.

4. **The identity of persons expected to be deposed.**

At this time Plaintiff anticipates that any persons expected to be deposed will come from the lists disclosed in the Initial Disclosures. Plaintiff will supplement those disclosures should additional persons be identified who may be expected to be deposed.

At this time T-Mobile anticipates that any persons expected to be deposed will come from the lists disclosed in the Initial Disclosures. T-Mobile will supplement those disclosures should additional persons be identified who may be expected to be deposed.

The parties reserve the right to depose additional persons as they become known through the discovery process.

5. **Any issues relating to disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (*See* Section E - Mandatory Disclosures.)**

None at this time.

6. **Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

None at this time. The parties certify that they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe that a preservation order is necessary.

7. **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c).**

The parties jointly state that they have met and conferred regarding the Protective Order and agreed that a supplemental Protective Order is needed in this case. The parties will continue to meet and confer to submit a joint proposed supplemental Protective Order to the Court.

8. **Estimated trial time.**

The parties estimate that trial in the above captioned action will require five days.

9. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

It is expected that Chad Henson from Devlin Law Firm LLC will attend the Case Management Conference on behalf of Plaintiff.

It is expected that Melissa Smith from Gillam Smith will attend the Case Management Conference on behalf of Defendant.

10. **Any other matters counsel deem appropriate for inclusion in the joint conference report.**

The parties agree that they need not log any documents generated on or after the filing date of this litigation.

Dated: November 4, 2024

Respectfully submitted,

| | |
|---|---|
| */s/Derek Dahlgren* | */s/ Katherine Q. Dominguez* |
| Timothy Devlin | Katherine Q. Dominguez (Lead Counsel) |
| tdevlin@devlinlawfirm.com | New York Bar No. 4741237 |
| Derek Dahlgren (*pro hac vice* to be filed) | Josh A. Krevitt |
| ddahlgren@devlinlawfirm.com | New York Bar No. 2568228 |
| Leland Marcus (TSB# 24139764) | Brian A. Rosenthal |
| lmarcus@devlinlawfirm.com | New York Bar No. 3961380 |
| 1526 Gilpin Avenue | **GIBSON, DUNN & CRUTCHER LLP** |
| Wilmington, DE 19806 | 200 Park Avenue |
| Telephone: (302) 449-9010 | New York, New York 10166 |
| Facsimile: (302) 353-4251 | Telephone: (212) 351-2490 |
| | Facsimile: (212) 351-6390 |
| *Attorneys for Plaintiff* | KDominguez@gibsondunn.com |
| *Morris Routing Technologies, LLC* | JKrevitt@gibsondunn.com |
| | BRosenthal@gibsondunn.com |

Albert Suarez IV
Texas Bar No. 24113094
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3151
Facsimile: (214) 571-2986
ASuarez@gibsondunn.com

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically on all counsel of record through the Court's electronic filing system on November 4, 2024.

                                                      */s/ Katherine Q. Dominguez*
                                                      Katherine Q. Dominguez