# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MORRIS ROUTING TECHNOLOGIES, LLC, <br><br> v. <br><br> AT&T INC., ET AL, | CIVIL NO. 4:24-CV-623-SDJ |
| SAMSUNG ELECTRONICS CO., LTD., ET AL, | CIVIL NO. 4:24-CV-624-SDJ |
| T-MOBILE USA, INC., ET AL., | CIVIL NO. 4:24-CV-625-SDJ |
| VERIZON COMMUNICATIONS, INC., ET AL., | CIVIL NO. 4:24-CV-626-SDJ |

## FIRST AMENDED SCHEDULING ORDER

After considering the parties' Joint Motion to Amend Scheduling Order, the Court enters this order, which controls the disposition of the following four actions pending further order fo the Court: *Morris Routing Techs., LLC v. AT&T Inc.*, No. 24-CV-623 (July 8, 2024); *Morris Routing Techs., LLC v. Samsung Elecs. Co.*, 24-CV-624 (July 8, 2024); *Morris Routing Techs., LLC v. T-Mobile USA, Inc.*, No. 24-CV-625 (July 8, 2024); *Morris Routing Techs., LLC v. Verizon Commc'ns, Inc.*, No. 24-CV-626 (July 8, 2024). The following actions shall be completed by the dates indicated.[1]

| **Original Deadline** | **Amended Deadline** | |
|---|---|---|
| 07/24/2025 | **07/29/2025** | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R.4-1). |

---

[1] If a deadline falls on a Saturday, Sunday, or legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is first federal court business day following the deadline imposed.

| Date | Event |
|---|---|
| 07/29/2025 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 08/12/2025 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R.4-2). |
| 08/26/2025 | Parties' Final Amended Pleadings.[2] (A motion for leave is required.) |
| 09/02/2025 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| 09/16/2025 | Respond to Amended Pleadings. |
| 09/29/2025 | Completion date for discovery on claim construction(P.R.4-4) |
| 09/29/2025 | Plaintiff's Preliminary Election of Asserted Claims. Model Order ¶ 2. |
| 10/13/2025 | Defendants' Preliminary Election of Asserted Prior Art. Model Order ¶ 2. |
| 11/25/2025 | Opening claim construction brief (P.R.4-5(a)).[3] |
| 12/11/2025 | Responsive claim construction brief (P.R. 4-5(b)) |
| 12/18/2025 | Reply claim construction brief (P.R.4-5(c)). |
| 01/29/2026 | Submit technology synopsis/tutorial (both hard copy and disk). |

---

[2] Except as otherwise provided by Federal Rule of Civil Procedure 12(a)(4).

[3] The parties will separately brief claim construction issues in each matter. Defendants may, but need not, take unified positions on any claim term.

| | |
|---|---|
| 02/16/2026 | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| 02/26/2026 | Claim Construction hearing at **10:00 a.m.** at the United States Courthouse, 7940 Preston Road, Plano, TX 75024. |
| 04/02/2026 | Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this Court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| 04/09/2026 | Parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| 04/09/2026 | Plaintiff to serve Final Election of Asserted Claims. Model Order ¶ 3. |
| 04/30/2026 | Defendants to serve Final Election of Asserted Prior Art. Model Order ¶ 3. |
| 04/30/2026 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(a)(2)(B).[4] |

---

[4] This shall include any willfulness opinion and shall comply with P.R. 3-7.

| | |
|---|---|
| 05/14/2026 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| | **Note: Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten (10) pages each.** |
| 05/21/2026 | Mediation deadline. |
| 05/28/2026 | Discovery deadline. All discovery must be served in time to be completed by this date.[5] |
| 06/18/2026 | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7. |
| | **Responses to motions shall be due in accordance with Local Rule CV-7(e).** |
| 10/14/2026 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See www.txed.uscourts.gov) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| 10/19/2026 | Motions in limine due. |

---

[5] All written discovery and deposition notices must be served in time to be completed by this date.

| | |
|---|---|
| 10/19/2026 | File Joint Final Pretrial Order.[6] Exchange Exhibits and deliver copies to the Court. At this date, all that is required to be submitted to the Court is a hyperlinked exhibit list on disk (2 copies) and no hard copies. |
| 10/21/2026 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court.[7] |
| 11/04/2026 | Responses to motions in limine due. |
| 11/04/2026 | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[8] |
| 11/04/2026 | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| 11/04/2026 | File Proposed Voir Dire Questions |
| 11/18/2026 | Final Pretrial Conference at 1:30p.m. at the United States Courthouse located at 7940 Preston Road, Plano, TX 75024. |
| To be determined. | 10:00 a.m. Jury Selection and Trial at the United States Courthouse located at 7940 Preston Road, Plano, TX 75024. |

---

[6] A form Joint Final Pretrial Order can be found on the Court's website, available at: http://www.txed.uscourts.gov/?q=judge/judge-sean-jordan.

[7] The party who filed the initial Video Deposition Designation is responsible for preparing the final edited video in accordance with all parties' designations and the Court's rulings on objections.

[8] This does not extend the deadline to object to experts. If numerous objections are filed, the Court may set a hearing.

## SETTLEMENT

If the parties reach a settlement or other resolution of the case, Plaintiff's counsel shall immediately submit a notice advising the Court of the status of the case. **If such notice is not submitted to the Court, the Court may order counsel to appear at a hearing to address the failure to submit a timely notice.** Thereafter, the Court may enter such orders as are just and necessary to ensure prompt resolution of the case.

## SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. See Fed. R. Civ. P. 26(b)(2).

<u>Disclosure</u>. The parties are reminded of the requirement, set out in this Court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

<u>Electronic Discovery</u>. The parties shall produce information in searchable TIFF format, unless the parties agree otherwise.

<u>Source Code Preservation</u>. Defendants shall maintain full and complete copies of all previous iterations of source code.

The parties are excused from the pretrial disclosure requirements set forth in Fed. R. Civ. P. 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, neither party may file a motion to compel or motion for protective order[9] until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel or motion for protective order. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline. A magistrate judge is available during business hours to

---

[9] For clarity, this limit on the filing of motions for protective order extends only to those being filed in response to a discovery dispute between the parties.

immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. See Local Rule CV-26(e).

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. See Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendant should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the Court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

<u>Indefiniteness</u>. In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their Markman briefing, subject to the local rules' normal page limits.

Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Plano. See Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

If necessary, the parties should notify the court if assistance is needed in selecting a mediator.

Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local RuleCV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).